**Juan BROOKS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 4:94CV01045 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 14, 1997.

Juan Brooks, Marion, IL, pro se.

Raymond M. Meyer, Asst. U.S. Atty., Office of U.S. Attorney, St. Louis, MO, for Defendant.

### MEMORANDUM AND ORDER

GUNN, Senior District Judge.

Plaintiff Juan Brooks initiated this lawsuit seeking the return of the following property seized by the government on July 11, 1990 and administratively forfeited to the government: $3,332.00 in United States currency, two wallets containing personal papers, and one Missouri license plate. Upon a review of the notice procedure, the government concluded that inadequate notice had been given and elected to return the currency in November 1996. To avoid further litigation, the government later located and returned the wallets and license plate and requested dismissal of plaintiff's motion. Plaintiff responded that the only remaining claims were for interest on the currency, and for compensatory and punitive damages from the government.

The government argues that sovereign immunity prevents a claim for pre-judgment interest against the United States and that because the Court did not order the government to place the seized currency into an interest-bearing account, plaintiff had no expectation that his property would earn interest.

The Ninth Circuit has held that, while sovereign immunity will prevent a simple claim against the government for pre-judgment interest, assets capable of earning interest should do so, with the interest accruing ultimately to whatever party is found to have the right to the property. *See United States v. $277,000,* 69 F.3d 1491, 1493–97 (9th Cir.1995). The Court distinguished cases in which the government was not required to pay for damage it had done, on the ground that the government was merely required to disgorge benefits it had received from an asset that it was holding improperly. *Id.* at 1498. The Court noted that even if the money was in a Treasury account, rather than an interest-bearing account, the government constructively earned interest at its alternative borrowing rate. *Id.* at 1496. In a similar case, the First Circuit noted in dicta that a government policy to place funds in a non-interest-bearing account would be irrational, and thus the government would be responsible for any interest due. *See United States v. Kingsley,* 851 F.2d 16, 19 (1st Cir. 1988).

Although the government does not divulge where the currency was held, it does not state any reason that the currency would not have been placed in an interest-bearing account or a Treasury account, regardless of a court order requiring such a placement.

Thus, the Court finds that the government is liable for the interest actually accrued, or if the funds were placed in a Treasury account, the constructively-earned interest at the government's alternative borrowing rate from the time the currency was seized until it was returned.

The Court has previously dismissed plaintiff's claim for damages against the United States as frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for relief (Docs.19, 21) are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the government shall pay plaintiff the interest actually or constructively earned on the $3,332.00 that was improperly forfeited. The Court shall retain jurisdiction over this action to the extent necessary to ensure that its order is carried out.